**RECEIVED**

**JUL 2 9 2005**

LARRY W. PROPES, CLERK
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rorery Jamar Johnson, #071,<br><br>        Plaintiff,<br><br>vs.<br><br>Robert M. Ariail,<br><br>        Defendants. | ) C/A No. 9:05-2000-DCN-GCK<br>)<br>)<br>)<br>)<br>)   Report and Recommendation<br>)<br>)<br>)<br>) |

Plaintiff has filed this matter pursuant to 42 U.S.C. § 1983. Plaintiff is a pre-trial detainee at the Greenville County Detention Center. The sole defendant it "Robert M. Ariail" who plaintiff alleges is the Solicitor in Greenville County, South Carolina. His complaint reads:

> The Plaintiff want the Court to assist him with his Rule (5) motion of Discovery Whereas the Defendant forward the Plaintiff everything in his Rule 5 except statements that were in his favor and the Plaintiff have did everything in his power to try to get this (Legal - Material) from the (Defendant) and his (Staff) and they still have refused to cooperate. (parentheses in original).

See Complaint @ 3.

In his prayer for relief the plaintiff states:

> Turn over all tangible evidence in chief at trial that they plan on using against Plaintiff. And furthermore the (3) statements written by Co-defendants - Also the plaintiff would ask this Honorable Court to please put a rush on this Legal Material sence (sic) these defendants have already caused me much significant hardship.
>
> Also the plaintiff want the Court to award him 6 million dollars for depriving him of his 14 Amendment Right, reasonable Attorney fees, and what the Court seem deem and just for (Punitives Damages) Protection order and jury trial. Stop this official misconduct and injustice from happening and sanction these (wrongdoers). (parentheses in original).

See Complaint @ 5.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* § 24 of Article V, Constitution of the State of South and § 1-7-310, South Carolina Code of Laws. Solicitors are elected by voters of a judicial circuit. Prosecutors, such as the defendant, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, grand jury proceedings, pre-trial "motions" hearings, and ancillary civil proceedings. *See* Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, *supra*, 114 L.Ed.2d at 561-562

& n. 6; and <u>Hart v. Jefferson County</u>, 1995 WESTLAW® 82277 (D.Ore., February 24, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity), *amended opinion reported at* 1995 WESTLAW® 399619 (D.Ore., June 15, 1995). As such, the defendant in this action would be entitled to summary dismissal.

In addition, although the plaintiff has filed the above-captioned case under 42 U.S.C. § 1983, the relief which he has requested is in the nature of a mandamus action. Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and <u>Gurley v. Superior Court of Mecklenburg County</u>, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). In <u>Gurley v. Superior Court of Mecklenburg County</u> supra, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court in <u>Gurley</u> denied the relief sought by the prisoner. On appeal in <u>Gurley</u>, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." <u>Gurley v. Superior Court of Mecklenburg County</u>, supra, 411 F.2d at 587.

The holding in <u>Gurley</u> was followed by the United States Court of Appeals for the Second Circuit in <u>Davis v. Lansing</u>, 851 F.2d 72, 74 (2nd Cir. 1988). In <u>Davis v. Lansing</u>, the Court ruled

that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. See also Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985). In Craigo, the district court concluded that the petition for a writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under Boyce v. Alizaduh, supra, and Todd v. Baskerville, supra, and, therefore, was subject to summary dismissal. Craigo v. Hey, supra, 624 F. Supp. at 414. Accord Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479 (1988) and Robinson v. Illinois, 752 F. Supp. 248, 248-249 & n. 1 (1990). Since the defendant in the above-captioned case is a state official the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against the defendant.

It is therefore recommended that the District Court dismiss the complaint *without prejudice* and without issuance and service of process because this court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). *See also* Fed. R. Civ. P. 41(b), which provides that a dismissal for lack of jurisdiction is *not* deemed to be an adjudication on the merits.

George C. Kosko
United States Magistrate Judge

_____, 2005
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402
